UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x        13 CIV 956 (RWS)

SANDY RODRIGUEZ,

                Plaintiff

   -against-                                                **ANSWER**

COHEN & SLAMOWITZ, LLP,

                Defendant

--------------------------------------------------------x

    Defendant, COHEN & SLAMOWITZ, LLP, by its attorney ROBERT L. ARLEO, ESQ., answering the Plaintiff's Complaint which was filed with the Court on February 11, 2013 ("hereinafter Plaintiff's Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of Plaintiff's Complaint, admit that the herein action was commenced under the Fair Debt Collection Practices Act (hereinafter "FDCPA") and New York General Business Law ("GBL") but otherwise deny that the Defendant committed any violations of the FDCPA or the GBL.

2. In regard to the allegations set forth in paragraphs 2, 3, 4, 5, 6 and 7 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue and in regard to whether declaratory relief is available to the Plaintiff. Otherwise, deny that the Defendant has violated numerous provisions of the FDCPA.

3. Admit the allegations set forth in paragraphs 8, 9, 10, 11, 15, 12, 25, 26 and 27 of the Plaintiff's Complaint.

4. Deny knowledge or information sufficient to admit or deny the allegations set forth in paragraphs 13 and 14 of the Plaintiff's Complaint.

5. In regard to the allegations set forth in paragraphs 18, 19, 20, 21, 22 and 23 of the Plaintiff's Complaint, if said allegations are true, then the filing of the lawsuit in an incorrect court was unintentional and the result of a bona fide error notwithstanding procedures used by the Defendant which are reasonably adopted to avoid such errors.

6. In regard to the allegations set forth in paragraph 17 of the Plaintiff's Complaint refer to the summons and complaint relevant to the lawsuit referenced therein.

7. Deny the allegations set forth in paragraphs 16, 24, 28, 29, 31, 32, 33, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Plaintiff's Complaint.

8. In regard to the allegations set forth in paragraphs 30 and 34 of the Plaintiff's Complaint refer to each and every paragraph set forth heretofore herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. The Plaintiff failed to mitigate her alleged actual damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. The Fair Debt Collection Practices Act (FDCPA) is designed to provide information that helps consumers chose intelligently and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).

11. A statement cannot mislead unless it is material, so a false but not material statement is not actionable under the FDCPA.

12. The herein Plaintiff does not allege any substantial error with respect to how her debt is set forth in the legal documents for which she complains.

13. The Plaintiff further fails to allege that she relied upon or was misled by any statement set forth in any of the documents described in Plaintiff's Complaint.

14. The Plaintiff does not deny the existence of the amount of the debt set forth in the documents described in Plaintiff's Complaint.

15. The Plaintiff's Complaint does not set forth a denial that Plaintiff owed the debt nor does she claims that the Defendant misstated or misrepresented the amount which he owed.

16. The Plaintiff's Complaint fails to allege that the documents described in her Complaint influenced her decision or ability to pay or challenge the debt.

17. As a result of all of the foregoing the best the Plaintiff can hope to prove is that the documents described in her Complaint contain false but not material statements that are not actionable under the FDCPA.

## DEMAND FOR TRIAL BY JURY

18. If any pre-trial dispositive motion which may be filed by the Defendant is denied, the Defendant will demand a trial by jury in this matter.

DATED: March 30, 2013

/ s /   *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
 (RA 7506)
Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York  10168
(212) 551-1115

TO: JESSE LANGEL, ESQ.
    225 Broadway, Suite 700
    New York, New York  10007